Steven M. Levitan (CA Bar No. 148716)
Steve.Levitan@wbd-us.com
Christian E. Mammen (CA Bar No. 188454)
Chris.Mammen@wbd-us.com
Aaron D. Johnson (CA Bar No. 261747)
Aaron.Johnson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, CA 94111
Tel.: 415-433-1900

Attorneys for Plaintiffs
*Shopnomix LLC and Pronomix.ai LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOPNOMIX LLC, a Delaware limited liability company and PRONOMIX.AI LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> AD.COM INTERACTIVE MEDIA, INC., a California Corporation, <br><br> Defendant. | Case No.: <br><br> **PLAINTIFF'S COMPLAINT FOR:** <br><br> 1. **TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT** <br> 2. **UNFAIR COMPETITION UNDER THE LANHAM ACT** <br> 3. **TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW** <br> 4. **TRADEMARK INFRINGEMENT UNDER COMMON LAW** <br> 5. **FEDERAL CYBERSQUATTING** <br><br> <u>Jury Trial Demanded</u> |

COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiffs Shopnomix, LLC and Pronomix.ai LLC (collectively, "Nomix Group"), by and through their undersigned attorneys, allege the following:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, unfair competition, and cybersquatting arising out of Defendant Ad.com Interactive Media, Inc.'s ("AdMedia") willful use in commerce of trademarks identical to trademarks owned and used by Nomix Group, for identical and nearly identical services.  As a result of these blatant acts of infringement, Nomix Group customers are likely to be confused into believing, incorrectly, that there is an association, connection, or ownership between Nomix Group and AdMedia.  At least one member of the advertising industry has already told Nomix Group that AdMedia's infringement resulted in their questioning whether Nomix Group's services were owned and/or connected with AdMedia.  Nomix Group seeks damages, injunctive relief, attorneys' fees and costs.

## PARTIES

2.      Shopnomix LLC is a Delaware Limited Liability Company with its principal place of business at 16192 Coastal Hwy, Lewes, DE 19958.

3.      Pronomix.ai LLC is a Delaware Limited Liability Company with its principal place of business at 16192 Coastal Hwy, Lewes, DE 19958.

4.      AdMedia is a California corporation with its principal place of business at 6320 Canoga Ave., Suite 200, Woodland Hills, CA 91367.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves claims for trademark infringement, unfair competition, and cybersquatting arising under the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(d).  Because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, this Court has subject-matter jurisdiction over Nomix Group's state law claims under 28 U.S.C. § 1332.

1

COMPLAINT FOR TRADEMARK INFRINGEMENT

Additionally and/or in the alternative, this Court has supplemental jurisdiction over Nomix Group's state law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over AdMedia because AdMedia is a California Corporation whose principal place of business is located within the Central District in Woodland Hills, CA.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is based in Woodland Hills, California.

## GENERAL ALLEGATIONS

**A.     Nomix Group's Trademarks**

8. Nomix Group is a leader in the marketing, advertising, and ecommerce fields, and provides marketing, technology and commerce services to brands, publishers, and other entities.

9. Due to its innovative services and reputation for excellence, Nomix Group has worked with, and continues to work with, some of the biggest brands, publishers, and ecommerce companies in the United States, including Nike, Amazon.com, eBay, Kohls, and many others.

10. Nomix Group markets and sells its services under a number of brands, including SHOPNOMIX and PRONOMIX.

11. Since at least as early as 2022, Nomix Group has continuously marketed and provided advertising and marketing services to brands and publishers under its SHOPNOMIX trademark (the "SHOPNOMIX Mark").

12. The SHOPNOMIX Mark is a fanciful, unique, and distinctive trademark that contains no meaning other than as an indicator of source for Nomix Group's services.

13. Nomix Group has marked and promoted these services via its website, at conferences, and in other ways.  Attached as **Exhibit A** is an example of Nomix Group's marketing of services under the SHOPNOMIX Mark via its website.

2

COMPLAINT FOR TRADEMARK INFRINGEMENT

14. Nomix Group has sold services under the SHOPNOMIX Mark to many leading brands and companies across the United States.

15. As a result of this marketing, those sales, and Nomix Group's promotion of its SHOPNOMIX Mark, consumers and professionals within the advertising, marketing, and ecommerce industries in the United States have come to identify the SHOPNOMIX Mark, and advertising, marketing, and technology services sold under the SHOPNOMIX Mark, exclusively with the high-quality services of Nomix Group.

16. Based on these rights, Nomix Group owns the exclusive right to use the SHOPNOMIX Mark in connection with advertising, marketing, and ecommerce services in the United States.

17. Since at least as early as 2024, Nomix Group has continuously provided advertising and technology services to brands and merchants under its PRONOMIX trademark (the "PRONOMIX Mark").

18. The PRONOMIX Mark is a fanciful, unique, and distinctive trademark that contains no meaning other than as an indicator of source for Nomix Group's services.

19. Nomix Group has marketed and promoted these services via its website, at conferences and in other ways.  Attached as **Exhibit B** is an example of Nomix Group's marketing of services under the PRONOMIX Mark via its website.

20. Nomix Group has sold services under the PRONOMIX Mark to many leading brands, ecommerce platforms, and other merchants across the United States.

21. As a result of this marketing, these sales, and Nomix Group's promotion of its PRONOMIX Mark, consumers and professionals within the advertising, marketing, and ecommerce industries in the United States have come to identify the PRONOMIX Mark, and advertising and technology services sold under the PRONOMIX Mark, exclusively with the high-quality services of Nomix

3

COMPLAINT FOR TRADEMARK INFRINGEMENT

Group.

22. Based on these rights, Nomix Group owns the exclusive right to use the PRONOMIX Mark in connection with advertising and technology services in the United States.

**B. AdMedia's Infringing Conduct**

23. AdMedia has been aware of Nomix Group and its services since at least as early as 2022.

24. AdMedia has been aware of Nomix Group's SHOPNOMIX Mark since at least as early as 2022.

25. AdMedia entered into an Advertising Services and Search Services Syndication Agreement with Shopnomix LLC on or around November 15, 2022, and a Listings Distribution Agreement with Shopnomix LLC on or around October 1, 2023 (the "Agreements").

26. Nomix Group's SHOPNOMIX trademark was frequently used and referenced within the Agreements, which were signed by AdMedia.

27. Upon information and belief, AdMedia has been aware of Nomix Group's PRONOMIX Mark since at least as early as 2024.

28. Despite AdMedia being aware of Nomix Group's use of the SHOPNOMIX Mark since at least as early as 2022, on or before May 15, 2025 AdMedia began using the identical "SHOPNOMIX" trademark to market and sell substantially similar services.

29. Nomix Group became aware of AdMedia's use of the "SHOPNOMIX" trademark on or about November 4, 2025 as a result of questions sent to Nomix Group by a member of the advertising industry who told Nomix Group that AdMedia's infringement resulted in their questioning if Nomix Group's services were owned and/or connected with AdMedia.

30. On its website at www.AdMedia.com/shopnomix, AdMedia prominently uses the identical SHOPNOMIX trademark to promote "Search

COMPLAINT FOR TRADEMARK INFRINGEMENT

Advertising Solutions" that "seamlessly connect your brand with high-intent audiences in real time" — services that are substantially similar to, and compete with, the high-quality advertising and commerce services and technology that Nomix Group has been selling under its SHOPNOMIX trademark for years. *See* **Exhibit C**.

31.    Below shows a comparison between Nomix Group's marketing of services under its SHOPNOMIX Mark on its website, and AdMedia's infringing use of the identical "SHOPNOMIX" trademark to promote nearly identical services on its website, with both companies highlighting services that use "technology" to "target" specific "audiences."



32.    Upon information and belief, AdMedia's intent with its use of the

5

COMPLAINT FOR TRADEMARK INFRINGEMENT

identical SHOPNOMIX trademark for nearly identical services is to pass off the services it is offering under its infringing mark as genuine services from Nomix Group, which they are not.

33. Despite being aware of Nomix Group's prior use of the SHOPNOMIX Mark, on May 15, 2025 AdMedia filed U.S. Trademark Application Serial No. 99,187,875 for SHOPNOMIX in Class 35 (the "'875 Application"). *See* **Exhibit D**.

34. AdMedia's use of a mark that is identical to Nomix Group's SHOPNOMIX Mark to market and sell services that are substantially similar to the services sold by Nomix Group under the SHOPNOMIX Mark and through the same or similar marketing channels creates a likelihood of confusion, mistake, or deception among consumers as to the source or origin of AdMedia's services, has already caused confusion, and is likely to further confuse consumers into believing, incorrectly, that there is an affiliation or connection between Nomix Group and AdMedia.

35. AdMedia's use of the SHOPNOMIX trademark in commerce in connection with the sale of advertising and commerce services has caused Nomix Group to suffer irreparable injury in the form of damage to its reputation and goodwill in the market. Because a substantial portion of sales and revenue for the market in which Nomix Group and AdMedia compete occurs during the holiday shopping season, the threat of irreparable harm to Nomix Group is materially increased from mid-November through the end of December.

36. Despite AdMedia being aware of Nomix Group's prior use of the PRONOMIX Mark, on or before November 4, 2025 AdMedia began using the identical "PRONOMIX" trademark to market and sell substantially similar services.

37. Nomix Group became aware of AdMedia's use of the "PRONOMIX" trademark on or about November 4, 2025 as a result of questions sent to Nomix Group by a member of the advertising industry who told Nomix Group that AdMedia's infringement resulted in their questioning if Nomix Group's services

6

COMPLAINT FOR TRADEMARK INFRINGEMENT

were owned and/or connected with AdMedia.

38.    On its website at www.AdMedia.com/pronomix, AdMedia prominently uses the identical PRONOMIX trademark and the highly similar PRONOMIX.COM trademark to promote its "Programmatic Performance Platform" services – services that are substantially similar to, and compete with, the high quality commerce platform and services (also called a "Programmatic Performance Platform") that Nomix Group has been selling under its PRONOMIX trademark. *See* **Exhibit E**.

39.    Below shows a comparison between Nomix Group's marketing of services under its PRONOMIX Mark on its website, and AdMedia's infringing use of the identical "PRONOMIX" trademark to promote nearly identical services on its website, with both companies highlighting "Programmatic Performance Platform" services that use AI for better marketing and commerce results.



COMPLAINT FOR TRADEMARK INFRINGEMENT

40.    Upon information and belief, AdMedia's intent with its use of the identical PRONOMIX trademark and highly similar PRONOMIX.COM trademark to promote and sell nearly identical services is to pass off the services it is offering under its infringing mark as genuine services from Nomix Group, which they are not.

41.    Despite being aware of Nomix Group's prior use of the PRONOMIX Mark, on October 30, 2025 AdMedia filed U.S. Trademark Application Serial No. 99,471,427 for PRONOMIX in Class 35 (the "'427 Application"). *See* **Exhibit F**.

42.    The '427 Application alleges that AdMedia has used the "PRONOMIX" trademark since 2005.

43.    Upon information and belief, AdMedia did not use the "PRONOMIX" trademark before 2025.

44.    Despite being aware of Nomix Group's prior use of the PRONOMIX Mark, on October 30, 2025 AdMedia filed U.S. Trademark Application Serial No. 99,471,435 for PRONOMIX.COM in Class 35 (the "'435 Application"). *See* **Exhibit G**.

45.    The '435 Application alleges that AdMedia has used the

8

COMPLAINT FOR TRADEMARK INFRINGEMENT

"PRONOMIX.COM" trademark since 2005.

46. Upon information and belief, AdMedia did not use the "PRONOMIX.COM" trademark before 2025.

47. AdMedia's use of trademarks that are identical or nearly identical to Nomix Group's PRONOMIX Mark to market and sell services that are substantially similar to the services sold by Nomix Group under the PRONOMIX Mark and through the same or similar marketing channels creates a likelihood of confusion, mistake, or deception among consumers as to the source or origin of AdMedia's services, has already caused confusion, and is likely to further confuse consumers into believing, incorrectly, that there is an affiliation or connection between Nomix Group and AdMedia.

48. AdMedia's use of the PRONOMIX trademark in commerce in connection with the sale of advertising, technology, and commerce services has caused Nomix Group to suffer irreparable injury in the form of damage to its reputation and goodwill in the market.

49. On information and belief, on or around October 30, 2025, AdMedia registered the domain name "Pronomix.com" (the "Infringing Domain") and/or acquired the Infringing Domain from a domain parking service, and is now using the Infringing Domain to sell services that are substantially similar to, and compete with, the services Nomix Group has been selling under its PRONOMIX Mark.

50. Upon information and belief, AdMedia knew of Nomix Group's PRONOMIX Mark at the time it acquired and/or registered the Infringing Domain.

51. Upon information and belief, AdMedia's intent with its registration of the Infringing Domain is to divert consumers from Nomix Group's genuine services under the PRONOMIX Mark, and to pass off for commercial gain the services it is offering at the Infringing Domain as genuine services from Nomix Group, which they are not.

9

COMPLAINT FOR TRADEMARK INFRINGEMENT

## COUNT 1

### (Trademark Infringement under 15 U.S.C. § 1125(a))

52. Nomix Group incorporates the foregoing allegations as though fully set forth herein.

53. Due to its prior and continuous use of the trademarks, Nomix Group owns the exclusive right to use the SHOPNOMIX Mark and the PRONOMIX Mark in connection with advertising, marketing, and technology services in the United States.

54. AdMedia's use of the SHOPNOMIX and PRONOMIX trademarks in commerce for the marketing and sale of services identical and/or substantially similar to the services Nomix sells under its identical SHOPNOMIX Mark and PRONOMIX Mark constitute false designations of origin that are likely to cause, and have already caused, confusion, mistake, or deception as to the affiliation, connection, or association between Nomix Group and AdMedia, and as to the origin, sponsorship, or approval of AdMedia's goods and services by Nomix Group.

55. As a direct and proximate result of AdMedia's infringement of the SHOPNOMIX Mark and the PRONOMIX Mark, Nomix Group has suffered, and will continue to suffer, monetary loss and irreparable injury to business, reputation, and goodwill.

## COUNT 2

### (Unfair Competition under 15 U.S.C. § 1125(a))

56. Nomix Group incorporates the foregoing allegations as though fully set forth herein.

57. Due to its prior and continuous use of the trademarks, Nomix Group owns the exclusive right to use the SHOPNOMIX Mark and the PRONOMIX Mark in connection with advertising, marketing, and technology services in the United States.

58. AdMedia's use of the SHOPNOMIX and PRONOMIX trademarks in

10

COMPLAINT FOR TRADEMARK INFRINGEMENT

commerce for the marketing and sale of services identical and/or substantially similar to the services Nomix sells under its identical SHOPNOMIX Mark and PRONOMIX Mark constitutes unfair competition that are likely to cause, and have already caused, confusion, mistake, or deception as to the affiliation, connection, or association between Nomix Group and AdMedia, and as to the origin, sponsorship, or approval of AdMedia's goods and services by Nomix Group.

59.    As a direct and proximate result of AdMedia's unfair competition, Nomix Group has suffered, and will continue to suffer, monetary loss and irreparable injury to business, reputation, and goodwill.

## COUNT 3

**(Unfair Competition under California Bus. & Prof Code. §§ 17200 *et seq.*)**

60.    Nomix Group incorporates the foregoing allegations as through fully set forth herein.

61.    Due to its prior and continuous use of the trademarks, Nomix Group owns the exclusive right to use the SHOPNOMIX Mark and the PRONOMIX Mark in connection with advertising, marketing, and technology services in California.

62.    AdMedia's use of the SHOPNOMIX and PRONOMIX trademarks in commerce for the marketing and sale of services identical and/or substantially similar to the services Nomix sells under its identical SHOPNOMIX Mark and PRONOMIX Mark constitutes trademark infringement and unfair competition that are likely to cause, and have already caused, confusion, mistake, or deception as to the affiliation, connection, or association between Nomix Group and AdMedia, and as to the origin, sponsorship, or approval of AdMedia's goods and services by Nomix Group.

63.    AdMedia's conduct constitutes unlawful or fraudulent business acts or practices under Section 17200 *et seq.* of the California Business & Professions Code.

64.    AdMedia's trademark infringement and unfair competition are likely

11

COMPLAINT FOR TRADEMARK INFRINGEMENT

to mislead or deceive, and have in fact misled and deceived, the public.

65.     As a direct and proximate result of AdMedia's conduct, Nomix Group has suffered, and will continue to suffer, monetary loss and irreparable injury to its business reputation and goodwill.

66.     Upon information and belief, AdMedia's conduct was knowing and willful.

## COUNT 4

### (Common Law Trademark Infringement)

67.     Nomix Group incorporates the foregoing allegations as though fully set forth herein.

68.     Due to its prior and continuous use of the trademarks, Nomix Group owns the exclusive right to use the SHOPNOMIX Mark and the PRONOMIX Mark in connection with advertising, marketing, and technology services in the United States.

69.     AdMedia's use of the SHOPNOMIX and PRONOMIX trademarks in commerce in connection with the marketing and sale of services substantially similar and/or identical to services that Nomix Group markets and sells under the SHOPNOMIX Mark and the PRONOMIX Mark constitutes trademark infringement under common law.

70.     As a direct and proximate result of AdMedia's infringement of the SHOPNOMIX and PRONOMIX marks, Nomix Group has suffered, and will continue to suffer, monetary loss and irreparable injury to business, reputation, and goodwill.

## COUNT 5

### (Common Law Unfair Competition)

71.     Nomix Group incorporates the foregoing allegations as though fully set forth herein.

72.     Due to its prior and continuous use of the trademarks, Nomix Group

12

COMPLAINT FOR TRADEMARK INFRINGEMENT

owns the exclusive right to use the SHOPNOMIX Mark and the PRONOMIX Mark in connection with advertising, marketing, and technology services in the United States.

73.    AdMedia's use of the SHOPNOMIX and PRONOMIX marks in commerce for services substantially similar and/or identical to the services that Nomix Group marks and sells under the SHOPNOMIX Mark and the PRONOMIX Mark constitutes unfair competition under the common law.

74.    As a direct and proximate result of AdMedia's unfair competition, Nomix Group has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

75.    Upon information and belief, AdMedia's conduct was knowing and willful.

## COUNT 6

### (Cybersquatting under 15 U.S.C. § 1125(d))

76.    Nomix Group incorporates the foregoing allegations as though fully set forth herein.

77.    AdMedia's acquisition and/or registration, and use, of the Infringing Domain was in bad faith and with an intent to profit from the Infringing Domain containing Nomix Group's PRONOMIX Mark in full, with only the addition of ".com".

78.    AdMedia had knowledge of Nomix Group's distinctive PRONOMIX Mark at the time it acquired and/or registered, and used, the Infringing Domain.

79.    Upon information and belief, AdMedia acquired and/or registered, and used, the Infringing Domain with the intention of diverting consumers from Nomix Group's sale of genuine services under its PRONOMIX Mark to services sold by AdMedia.

80.    As a direct and proximate result of AdMedia's acquisition and/or registration, and use, of the Infringing Domain, Nomix Group has suffered, and will

13

COMPLAINT FOR TRADEMARK INFRINGEMENT

continue to suffer, monetary loss and irreparable injury to business, reputation, and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, Nomix Group requests that the Court enter:

A.    A preliminary and permanent injunction:

1.    Prohibiting AdMedia and its officers, agents, servants, and those persons in active concert or participation with them from directly or indirectly infringing Nomix Group's rights in the SHOPNOMIX and PRONOMIX marks and all other trademarks owned by Nomix Group, or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation thereof;

2.    Ordering the cancellation of the '875 Application, the '427 Application, and the '435 Application; and

3.    Transferring the <Pronomix.com> domain name, and any other domain name owned by AdMedia that contains one of Nomix Group's trademarks, to Nomix Group.

B.    An award of damages, including (1) disgorgement of AdMedia's profits, (2) Nomix Group's actual damages; (3) treble damages; (4) statutory damages, (5) an accounting of the profits that AdMedia generated from its unlawful use of the SHOPNOMIX and PRONOMIX marks, and (6) all other damages available by statute or common law, including any punitive and exemplary damages;

C.    An award of interest, costs and attorneys' fees incurred by Nomix Group in prosecuting this action; and

D.    All other relief to which Nomix Group is entitled.

14

COMPLAINT FOR TRADEMARK INFRINGEMENT

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues and claims so triable.

Respectfully submitted,

Date: November 11, 2025    By:*/s/Christian E. Mammen*

Steven M. Levitan (CA Bar No. 148716)
Steve.Levitan@wbd-us.com
Christian E. Mammen (CA Bar No. 188454)
Chris.Mammen@wbd-us.com
Aaron D. Johnson (CA Bar No. 261747)
Aaron.Johnson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, CA 94111
Tel.: 415-433-1900
Fax: 415-433-5530

Attorneys for Plaintiffs
Shopnomix LLC and Pronomix.ai LLC

15

COMPLAINT FOR TRADEMARK INFRINGEMENT