Steven M. Levitan (CA Bar No. 148716)
Steve.Levitan@wbd-us.com
Christian E. Mammen (CA Bar No. 188454)
Chris.Mammen@wbd-us.com
Aaron D. Johnson (CA Bar No. 261747)
Aaron.Johnson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, CA 94111
Tel.: 415-433-1900

Attorneys for Plaintiffs
*Shopnomix LLC and Pronomix.ai LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOPNOMIX LLC, a Delaware limited liability company and PRONOMIX.AI LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>AD.COM INTERACTIVE MEDIA, INC., a California Corporation,<br><br>Defendant. | Case No.:  **2:25-cv-10802**<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED AGAINST DEFENDANT AD.COM INTERACTIVE MEDIA, INC.** |

EX PARTE APPLICATION FOR TRO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE THAT** Plaintiffs Shopnomix LLC and Pronomix.AI LLC (collectively "Plaintiffs" or "Nomix Group") respectfully move this Court ex parte pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and an order to show cause as to why a preliminary injunction should not issue.

   By way of this application, Plaintiffs seek the following injunctive relief from Defendant Ad.com Interactive Media, Inc. ("Defendant" or "AdMedia") and its officers, agents, servants, employees and attorneys, and all other persons acting in concert with or in participation with Defendant who receive actual notice of the Court's temporary restraining order:

1. Defendant and its officers, agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant are hereby enjoined and restrained from:

   a. Marketing, promoting, offering to sell, selling, and distributing any service or product under or bearing the trademark SHOPNOMIX or under or bearing any other trademark that is identical or confusingly similar to the SHOPNOMIX trademark;

   b.  Marketing, promoting, offering to sell, selling, and distributing any service or product under or bearing the trademark PRONOMIX or under or bearing any other trademark that is identical or confusingly similar to the PRONOMIX trademark, including but not limited to PRONOMIX.COM;

   c. Having the <Pronomix.com> URL resolve to any visible webpage or forward visitors to any other website or location.

   d. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products bearing the SHOPNOMIX, PRONOMIX, or PRONIMIX.COM trademarks or bearing any other

1

EX PARTE APPLICATION FOR TRO

mark that is identical or confusingly similar to those trademarks; and (ii) any evidence relating to the marketing, promoting, offering to sell, selling, and distributing any service or product under the SHOPNOMIX, PRONOMIX, or PRONIMIX.COM trademarks

2. Defendant, its officers, agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant shall immediately discontinue the use of the trademarks SHOPNOMIX, PRONOMIX, and PRONOMIX.COM or any other mark that is identical or confusingly similar to the trademarks SHOPNOMIX, PRONOMIX, and PRONOMIX.COM in association with all websites, social media accounts, domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, operated, or controlled by Defendant.

Plaintiffs also request that this Court issue an order to show cause as to why a preliminary injunction should not issue embracing these same terms.

The grounds for this application are that Defendant bears liability for its unlawful use of Plaintiffs' distinct and valuable SHOPNOMIX and PRONOMIX trademarks. In particular, well after Plaintiffs first began using and marketing their advertising, marketing, and technology services under the SHOPNOMIX and PRONOMIX trademarks, Defendant began marketing and selling nearly identical services under the identical SHOPNOMIX and PRONOMIX trademarks. Prior to Defendant's adoption and use of the infringing trademarks, it had been aware of Plaintiffs' use of the SHOPNOMIX and PRONOMIX trademarks through (1) contracts signed between the companies that frequently

EX PARTE APPLICATION FOR TRO

used the SHOPNOMIX mark; (2) Defendant being a user of the SHOPNOMIX services; and (3) Defendant's CEO being personally informed by an employee of Plaintiffs as to Plaintiffs' PRONOMIX mark and the services provided thereunder.

Despite notice of the infringement and requests from Plaintiffs to stop these unlawful acts, Defendant continues to market and sell services under the SHOPNOMIX and PRONOMIX marks, and to prominently use the SHOPNOMIX and PRONOMIX marks on its website.  In doing so, it is blatantly and willfully infringing the SHOPNOMIX and PRONOMIX marks. Immediate relief is warranted because continued use of the SHOPNOMIX and PRONOMIX marks in connection with marketing and selling advertising, marketing, and technology services during the upcoming holiday shopping season will cause irreparable harm to Plaintiffs, and infringement is ongoing.

This Application is based on this Application; the Memorandum of Points and Authorities in Support; the Declaration of Aaron D. Johnson; the Declaration of Geoffrey Griggs; the record in this matter; and such other and further papers, evidence, and argument as may be submitted in connection with this Application.

To the best of Plaintiffs' knowledge, the names, addresses, telephone numbers, and email addresses of Defendant and/or its counsel are as follows:

1. Ad.com Interactive Media, Inc.
   6320 Canoga Ave., Suite 200
   Woodland Hills, CA 91367

2. Michelle L. Young
   Ad.Com Interactive Media, Inc.
   6320 Canoga Ave., Suite 200
   Woodland Hills, CA 91367
   michelle@admedia.com

3

EX PARTE APPLICATION FOR TRO

3.  Kameron W. Kramer

Law 4 Small Business of Texas, PLLC

1846 N Loop 1604 W, Suite 205

San Antonio, Texas 78248

kameron@L4SB-TX.com

Pursuant to Civil Local Rule 7-3, no conference of counsel is necessary because Plaintiffs are moving for a temporary restraining order and preliminary injunction.  Pursuant to Civil Local Rule 7-19.1, Plaintiffs' counsel telephoned Defendant's counsel to give them notice of this application on November 10, 2025.  Plaintiffs' counsel also emailed Defendant's counsel on November 11, 2025 to provide further notice of this application, and to request that Defendant stipulate to the relief requested.

Plaintiffs' counsel also requested that Defendant advise whether it intends to oppose this application.  Plaintiffs' counsel has not yet received a response. Declaration of Aaron D. Johnson ¶ 10.

Respectfully submitted,

Date: November 11, 2025

By:/s/Christian E. Mammen
Steven M. Levitan (CA Bar No. 148716)
Steve.Levitan@wbd-us.com
Christian E. Mammen (CA Bar No. 188454)
Chris.Mammen@wbd-us.com
Aaron D. Johnson (CA Bar No. 261747)
Aaron.Johnson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, CA 94111
Tel.: 415-433-1900

Attorneys for Plaintiffs
Shopnomix LLC and Pronomix.ai LLC

4
EX PARTE APPLICATION FOR TRO