UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOPNOMIX LLC, *et al.*,<br><br>                 Plaintiffs,<br><br>     v.<br><br>AD.COM INTERACTIVE MEDIA INC.,<br><br>                 Defendant. | Case No. 2:25-cv-10802-FLA (AGRx)<br><br>**ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 4]** |

**<u>RULING</u>**

On November 11, 2025, Plaintiffs Shopnomix LLC and Pronomix.ai LLC ("Plaintiffs") filed an *Ex Parte* Application for a Temporary Restraining Order ("Application"). Dkt. 4.[1]  This matter came to hearing on November 19, 2025. Dkt. 15. Defendant Ad.com Interactive Media, Inc. ("Defendant") did not file a response to the Application or appear at the hearing.

/ / /

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

1

For the reasons stated herein, the court GRANTS the Application and ENTERS a temporary restraining order as set forth below.   The court further ORDERS Defendant to show cause on January 14, 2026, in Courtroom 6B of the United States Courthouse, located at 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012-4565, why a preliminary injunction should not issue embracing all terms of the temporary restraining order.  Plaintiffs may file a memorandum in support of their request for preliminary injunction by December 5, 2025; otherwise, the court will accept the subject Application as Plaintiffs' moving papers.  Plaintiffs shall serve Defendant with this Order and copies of the Application and related documents, as well as any memorandum in support of their request for preliminary injunction, by December 5, 2025.  Defendants' deadline to file and serve a response to Plaintiffs' request for preliminary injunction shall be December 19, 2025.  Plaintiffs' deadline to file a reply shall be January 2, 2026.

## BACKGROUND

On November 11, 2025, Plaintiffs filed the Complaint in this action, asserting six causes of action for: (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition in violation of California Business & Professions Code § 17200, *et seq.*; (4) trademark infringement under common law; (5) unfair competition under common law; and (5) cybersquatting in violation of 15 U.S.C. § 1125(d).  Dkt. 1.  Plaintiffs allege they own trademarks in the SHOPNOMIX mark, in connection with advertising and marketing services, and the PRONOMIX mark, in connection with advertising and technology services.  *Id.* ¶¶ 11, 17.  According to Plaintiffs, Defendant infringed these marks by offering and promoting nearly identical services using these marks and registering infringing internet domain names, with full knowledge of Plaintiffs' prior use of these marks.  *Id.* ¶¶ 23–51.

/ / /

/ / /

2

## DISCUSSION

**I.      Procedural Considerations**

Before filing an *ex parte* application, a party must: "(a) make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) advise the [c]ourt in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."  Local Rule 7-19.1.  "An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof."  Local Rule 7-19.

Plaintiffs identify the names, mailing addresses, and e-mail addresses of Defendant and its counsel.  Dkt. 4 at 4–5.  Plaintiff's counsel submitted a declaration certifying in writing his efforts to give notice of the Application to Defendant through its counsel.  Dkt. 4-2 (Johnson Decl.) ¶¶ 10–11.  This is sufficient to satisfy the procedural requirements and establish Defendant was given notice of the Application and Plaintiffs' request for a temporary restraining order.

**II.     Legal Standard**

A plaintiff seeking a preliminary injunction or temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).  A "serious question" is one on which the movant "has a fair chance of success on the

merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

The Ninth Circuit follows a "sliding scale" approach to the four preliminary injunction elements, such that "a stronger showing of one element may offset a weaker showing of another, as long as plaintiffs 'establish that irreparable harm is likely.'" *Doe v. Kelly*, 878 F.3d 710, 719 (9th Cir. 2017) (quoting *Cottrell*, 632 F.3d at 1131). A plaintiff seeking a preliminary injunction or temporary restraining order "shall be entitled to a rebuttable presumption of irreparable harm … upon a finding of likelihood of success on the merits" in a trademark infringement action. 15 U.S.C. § 1116(a).

## III.    Analysis

The Lanham Act prohibits the use in commerce, without the consent of the registered trademark owner, of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[.]" 15 U.S.C. § 1114(1)(a). "Federal trademark law addresses the dual purposes of infringement law: ensuring that owners of trademarks can benefit from the goodwill associated with their marks and that consumers can distinguish among competing producers." *Horphag Rsch. Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir. 2003) (quotation marks omitted).

"To establish a trademark infringement claim under the Lanham Act, 15 U.S.C. §§ 1051–1127 …, a plaintiff must establish that the defendant is using a mark 'confusingly similar' to the protectable trademark of the plaintiff." *Id.* "The tests for infringement of a federally registered mark under § 32(1) [of the Lanham Act], 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a) [of the Lanham Act], 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same: whether confusion is likely." *Grey v.*

4

*Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) (citing *New W. Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979)).

Plaintiffs present evidence they used the SHOPNOMIX and PRONOMIX marks in connection with advertising, marketing, and technology services (Dkt. 4-8 (Grigg Decl.) ¶¶ 5–15; Dkts. 4-9, 4-10) prior to Defendant's use of the marks (Dkt. 4-2 (Johnson Decl.) ¶¶ 3–6; Dkt. 4-8 (Grigg Decl.) ¶¶ 16–18; Dkts. 4-3 through 4-7). Defendant did not file a response to the Application or appear at the hearing.  The court, therefore, finds Plaintiffs have established they are likely to succeed on the merits of their claims and are entitled to the temporary restraining order requested.

Finally, a party requesting an injunction must generally post a bond "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c). The court, however, has discretion to waive the bond, and does so here.  *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Ticketmaster, LLC v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007) ("A bond may not be required, or may be minimal, when the harm to the enjoined party is slight or where the movant has demonstrated a likelihood of success.").

## CONCLUSION

For the reasons stated, the court GRANTS the Application and ORDERS as follows:

1. Defendant and its officers, agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant who receive notice of this Order are immediately enjoined and restrained from:

    a. Marketing, promoting, offering to sell, selling, and distributing any service or product under or bearing the trademark SHOPNOMIX or under or bearing any other trademark that is identical or confusingly similar to the SHOPNOMIX trademark;

b. Marketing, promoting, offering to sell, selling, and distributing any service or product under or bearing the trademark PRONOMIX or under or bearing any other trademark that is identical or confusingly similar to the PRONOMIX trademark, including but not limited to PRONOMIX.COM;

c. Having the <Pronomix.com> domain name resolve to any visible webpage or forward visitors to any other website or location; and

d. Secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products bearing the SHOPNOMIX, PRONOMIX, or PRONOMIX.COM trademarks or bearing any other mark that is identical or confusingly similar to those trademarks; and (ii) any evidence relating to the marketing, promoting, offering to sell, selling, and distributing any service or product under the SHOPNOMIX, PRONOMIX, or PRONOMIX.COM trademarks.

2. Defendant, its officers, agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant shall immediately discontinue the use of the trademarks SHOPNOMIX, PRONOMIX, and PRONOMIX.COM or any other mark that is identical or confusingly similar to the trademarks SHOPNOMIX, PRONOMIX, and PRONOMIX.COM in association with all websites, social media accounts, domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, operated, or controlled by Defendant.

The court further ORDERS Defendant to show cause on January 14, 2026, in Courtroom 6B of the United States Courthouse, located at 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012-4565, why a preliminary injunction should not issue embracing all terms of the temporary restraining order set forth above.  Plaintiffs may file a memorandum in support of their request for preliminary injunction by December 5, 2025; otherwise, the court will accept the subject Application as Plaintiffs' moving papers.  Plaintiffs shall serve Defendant with copies of this Order and the Application and related documents, as well as any memorandum in support of their request for preliminary injunction, by December 5, 2025.  Defendants' deadline to file and serve a response to Plaintiffs' request for preliminary injunction shall be December 19, 2025.  Plaintiffs' deadline to file a reply shall be January 2, 2026.

This temporary restraining Order shall be effective immediately without any need for Plaintiffs to pay a security or bond.

IT IS SO ORDERED.

Dated: November 20, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

7