Steven M. Levitan (SBN 148716)
Steve.Levitan@wbd-us.com
Christian E. Mammen (SBN 188454)
Chris.Mammen@wbd-us.com
Aaron D. Johnson (SBN 261747)
Aaron.Johnson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2800
San Francisco, CA 94111
Tel.: 415-433-1900

Attorneys for Plaintiffs
SHOPNOMIX, LLC and PRONOMIX.AI LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHOPNOMIX LLC, a Delaware limited liability company and PRONOMIX.AI LLC, a Delaware limited liability company,

Plaintiffs,

v.

AD.COM INTERACTIVE MEDIA, INC., a California Corporation,

Defendant.

AD.COM INTERACTIVE MEDIA, INC., a California Corporation,

Counterclaimant,

v.

SHOPNOMIX LLC, a Delaware limited liability company and PRONOMIX.AI LLC, a Delaware limited liability company,

Counterclaim-Defendants.

Case No.: 2:25-cv-10802-FLA-CTSx

**PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DANNY BIBI AND DEFENDANT SHOULD NOT BE HELD IN CONTEMPT**

Judge: Hon. Fernando L. Aenlle-Rocha

Complaint Filed: November 11, 2025
Defendant's Counterclaims Filed: December 15, 2025

Motion Hearing: October 2, 2026

Trial Date: June 1, 2027

Plaintiffs Shopnomix, LLC ("Shopnomix") and Pronimix.AI LLC ("Pronomix") (collectively, "Plaintiffs"), by and through their attorneys, hereby move this Court for an Order to Show Cause as to why Defendant Ad.Com Interactive Media, Inc. ("AdMedia") and AdMedia's CEO, Danny Bibi ("Bibi") should not be held in civil contempt for violation of this Court's November 20, 2025 Temporary Restraining Order (the "TRO").

This Motion is based on this Motion and the concurrently filed Memorandum of Points and Authorities and Declaration of Christian E. Mammen (filed as part of an Application for Leave to File Under Seal due to their use of confidential deposition testimony and financial records), and any other written or oral evidence or argument presented when this application is heard by the Court.

As fully explained in the Memorandum of Points and Authorities, the TRO clearly prohibits "Defendants and its officers, agents, servants, employees, successors, and assigns" from, among other actions:

1) "Marketing, promoting, offering to sell, selling, and distributing any service or product under or bearing the trademark SHOPNOMIX or under or bearing any other trademark that is identical or confusingly similar to the SHOPNOMIX trademark;" and
2) "us[ing] the trademarks SHOPNOMIX, PRONOMIX, and PRONOMIX.COM or any other mark that is identical or confusingly similar to the trademarks SHOPNOMIX, PRONOMIX, and PRONOMIX.COM in association with all websites, social media accounts, domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user . . . ."

Dkt. 16 at 5-6.

Despite the clear language of the TRO, within *weeks* after the TRO was entered, Defendant's CEO, Danny Bibi:

1) Incorporated the entity "Shoponomics.com, LLC" in New Mexico;
2) Created a website at the domain name "Shopnomics.com" (with "Shopnomics" differing from the prohibited "Shopnomix" only through the replacement of the "x" suffix with a "cs" suffix and sounding identical verbally);
3) Created a website at the domain name "Shoponomics.com" (differing only through the addition of "o" after "Shop"); and
4) Marketed digital marketing and advertising services under the "Shopnomics" and "Shoponomics" terms through the "Shopnomics.com" and "Shoponomics.com" domain names (the "Infringing Websites").

Even after Plaintiffs brought the Infringing Websites to the attention of Bibi and counsel for AdMedia, Bibi and AdMedia continued to market and sell digital marketing and advertising services under the "Shopnomics" and "Shoponomics" terms through the Infringing Websites. Only when Plaintiffs threatened to file an *ex parte* application for an order to show cause were the Infringing Websites removed.

The "Shopnomics" and "Shoponomics" terms used on the Infringing Websites are "identical or confusingly similar" to the prohibited SHOPNOMIX trademark because "Shopnomics" sounds identical (the only change is having the "x" replaced with "cs" which sounds the same) and "Shoponomics" looks and sounds confusingly similar because it only adds an "O" in the middle of the word.

On information and belief AdMedia and employees of AdMedia were and/or are involved in the creation, design, and maintenance of the Infringing Websites and the services marketed and sold through the Infringing Websites.

The subject of this motion was discussed with Defendant's counsel pursuant to Local Rule 7-3 during a video call between Defendant's counsel and Plaintiffs' counsel on August 21, 2026. During that call, Defendant's counsel disputed that Bibi and AdMedia were in contempt of the TRO, but confirmed the Infringing Websites had been removed that day.

Respectfully submitted,

Date: August 28, 2026

*By: /s/Christian E. Mammen*
Christian E. Mammen

Steven M. Levitan (SBN 148716)
Christian E. Mammen (SBN 188454)
Aaron D. Johnson (SBN 261747)
**WOMBLE BOND DICKINSON (US) LLP**

Attorneys for Plaintiffs
Shopnomix, LLC and Pronomix.AI LLC